IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, #20661647, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0728-H |
| | ) | ECF |
| DERST K. AUSTIN, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a detainee of the Bureau of Immigration Custom and Enforcement (ICE).

Parties: Plaintiff is presently confined at the Immigration Detention Center in Houston, Texas. Defendants are Assistant Public Defender Derst K. Austin, and an unidentified Dallas Police Officer. The Court has not issued process in this case, pending preliminary screening.[1]

Statement of Case: Plaintiff seeks to sue Defendant Austin for rendering ineffective assistance of counsel in the course of his criminal proceedings in Cause Nos. F03-00800R, F03-

---

[1] In December 2005, Plaintiff filed a similar action against Assistant Public Defender Catherine Gould, the Chief Disciplinary Counsel and the Board of Disciplinary Appeals for the Texas Bar Association, and Judge Keith Dean of the 265th Judicial District Court in Dallas County, Texas. See No. 3:05cv2518-N (N.D. Tex., Dallas Div.).

00810R, and F03-00814R, which resulted in his initial placement on community supervision/ probation. (See Complaint at 1 and 8-10, and Catherine Gould's affidavit attached to Plaintiff's answers to the questionnaire filed in No. 3:05cv2518-N, summarizing Plaintiff's criminal convictions). Plaintiff also seeks to sue the police officer who initially stopped and arrested him. He seeks monetary damages.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the District Court. Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[2]

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[2] Since Plaintiff is an immigration detainee, the Court did not apply the filing fee provisions of the Prisoner Litigation and Reform Act (PLRA) in granting his motion for leave to proceed *in form pauperis*. See 28 U.S.C. § 1915(a)(2) and (b); Ojo v. INS, 106 F.3d 680, 682-83 (5th Cir. 1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision). This case is nevertheless subject to the screening provisions of § 1915(e)(2)(B).

Insofar as Plaintiff seeks to rely on 42 U.S.C. § 1983, in challenging the conduct of Defendant Austin during his initial criminal proceedings in Cause Nos. F03-00800R, F03-00810R, and F03-00814R, his claims lack an arguable basis in law. That section affords redress only for conduct committed by a person acting under color of state law. It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. See Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). As such the conduct of Defendant Gould is not cognizable under § 1983.[3]

Plaintiff's claim against the unidentified arresting police officer fares no better. Under Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[3] Even assuming Plaintiff could satisfy the color-of-law requirement, his claims would impugn on the validity of his 2003 conviction in Cause Nos. F03-00800R, F03-00810R, and F03-00814R. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), these claims are not cognizable under § 1983 unless a court determines that his conviction or sentence is in fact invalid or otherwise legally infirm. Id. Plaintiff correctly notes that his state habeas applications are presently pending before the Texas Court of Criminal Appeals. (See Answer to Question 4 in No. 3:05cv2518-N).

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

The main focus of Plaintiff's complaint is that he was unlawfully arrested and evidence was improperly seized from him following the arrest. In Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996), the Fifth Circuit held that a plaintiff's false arrest claim was barred by Heck. In so holding, the Circuit stated as follows:

> If proved Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. See United States v. Wadley, 59 F.3d 510, 512 (5th Cir.1995). Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case: the police discovered the firearm in Hudson's possession when he was knocked from his bike during the burglary arrest and we see no reason reflected in the record before us to believe that the police would have discovered the firearm had they not arrested Hudson for burglary. Thus, because a successful section 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precludes this claim.

Id.; see also Queen v. Purser, 109 Fed. Appx. 659, 660 (5th Cir. 2004) (unpublished per curiam), cert. denied 544 U.S. 979 (2005) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable under § 1983, absent showing that conviction had been invalidated).

The same holds true in this case. Plaintiff's false arrest and improper seizure claim, if proved, would call into question his convictions in Cause Nos. F03-00800R, F03-00810R, and F03-00814R. If this court were to conclude that the unidentified police officer lacked probable

4

cause to arrest Plaintiff and seize the evidence, which is the basis for his convictions in Nos. F03-00800R, F03-00810R, and F03-00814R, the evidence subsequently discovered in his possession would be subject to suppression. Therefore, this lawsuit implicates the validity of his convictions in Nos. F03-00800R, F03-00810R, and F03-00814R, and, as such, is barred by Heck. The District Court should dismiss Plaintiff's claim against the unidentified police officer without prejudice as frivolous to it being reasserted when the Heck conditions are met. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

RECOMMENDATION:

    For the foregoing reasons, it is recommended that the District Court dismiss Plaintiff's claim against Defendant Austin with prejudice as frivolous, and that it dismiss Plaintiff's claim against the unidentified police officer without prejudice to it being reasserted when the Heck

conditions are satisfied.  See 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of May , 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.